IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 JUL 28 PM 3: 17
U.S. DISTRICT COURT
N.D. OF ALABAMA

TERESA D. VARDEN,

    Plaintiff,

v.

CITY OF ALABASTER, et al.,

    Defendants

CIVIL ACTION NO.
04-AR-0689-S

ENTERED
JUL 28 2004

### MEMORANDUM OPINION

On July 1, 2004, the court heard oral argument for and against the motion to dismiss filed by defendants, City of Alabaster, Alabama ("Alabaster") and John Cochran ("Cochran"). Plaintiff, Teresa D. Varden ("Varden"), asserts claims pursuant to Title VII of the Civil Rights Act and 42 U.S.C. § 1983 alleging that she was subjected to employment discrimination in the forms of disparate treatment and disparate impact because of her sex. Alabaster and Cochran move to dismiss Varden's complaint in its entirety. Cochran claims the defense of qualified immunity from the § 1983 claim, the only claim that Varden can pursue against him since Title VII only recognizes claims against the actual employer.

Varden became a firefighter with Alabaster Fire and Rescue Service ("AFRS") on May 14, 1994. She is the only female firefighter AFRS has ever hired. AFRS requires its firefighters to complete a timed, physical agility test called the Combat Challenge. The test has never been approved or validated by any

national testing organization as an appropriate fitness-for-duty test, but it is used by the AFRS. There is no allegation as to when the test was adopted, or who designed it, or when and how often it was administered to Varden and to other firefighters.

Sometime in mid-2003, Varden failed to "complete the Combat Challenge in the amount of time allotted by the Alabaster Fire and Rescue Service." On July 9, 2003, Cochran, chief of AFRS, sent Varden a letter informing her that Alabaster was dismissing her effective July 11, 2003. Cochran's stated reason was Varden's failure to meet an objective criteria, namely, completing a timed course in time.

Varden does not challenge Cochran's eligibility for qualified immunity under this scenario, but contends that her allegations overcome Cochran's qualified immunity defense. *See McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir.1995) (holding "the term 'discretionary authority' to include actions that do not necessarily involve an element of choice," and emphasizing that, for purposes of qualified immunity from liability under § 1983, a governmental actor engaged in purely ministerial activities can nevertheless be performing a discretionary function). To overcome qualified immunity, the plaintiff must satisfy a two-prong test; she must show: (1) violation of a constitutional right, and (2) that the right was clearly established at the time of the alleged violation. *Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("A court

evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (quotations and citations omitted).

The Equal Protection Clause ensures freedom from intentional discrimination. U.S. CONST. amend. XIV, §1. Varden's allegation that the Combat Challenge discriminates against females sufficiently alleges violation of this constitutional right. Her allegations therefore meet the first prong.

The second prong requires that the law give the governmental actor "fair and clear notice" of the unlawfulness of his action. *Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261, 1269-70 (11th Cir.2003). Although Varden correctly points out that a reasonable person would have known that sex discrimination in the workplace violates the law, she makes no attempt to address the unique circumstance she describes in her case. She alleges that Cochran violated the law by requiring her to complete a challenge course within a particular time. Varden may be able prove that this objective test discriminates against females, but her allegations of discrimination focus on the test itself. This general equal protection right to be free from employment discrimination did not provide Cochran with fair-and-clear notice that dismissing a female employee for failing to pass an objective test would violate the

constitutional principle that Varden invokes. Cochran's motion will be granted as a recognition of his absolute right to be free from the obligation to defend a constitutional claim that he had no "red light" reason to anticipate.

Alabaster, of course, has no qualified immunity and claims none. Its motion attempts to demonstrate that Varden has failed to allege sufficient facts to meet a threshold of proof that the Combat Challenge has a discriminatory impact on females or targeted Varden. Alabaster's arguments are premature. Establishment of a *prima facie* case in employment discrimination case "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002). Varden need not muster her evidence, statistical or otherwise, and at this stage of the case demonstrate the disparate treatment or impact allegedly caused by the application of the Combat Challenge to her. It is sufficient that Alabaster be placed on notice of the substance of Varden's claim. Her complaint has accomplished this. Accordingly, Alabaster's motion will be denied.

DONE this 28th day of July, 2004.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR
UNITED STATES DISTRICT JUDGE