IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA D. VARDEN, | } |
| Plaintiff, | } |
| | } CIVIL ACTION NO. |
| v. | } 04-AR-0689-S |
| CITY OF ALABASTER, ALABAMA, | } |
| Defendant. | } |

**MEMORANDUM OPINION AND ORDER**

The court has before it plaintiff's motion for a protective order, filed on November 30, 2005, and argued at the court's regular motion docket on December 15, 2005. The motion seeks to compel defendant's counsel to rescind their order preventing current and former employees of the City of Alabaster from communicating with plaintiff or her counsel. For the reasons hereinafter stated, plaintiff's written motion is GRANTED. Additional issues were raised at the motion docket and are resolved as set out below.

**I.    Protective Order**

Although defendant's counsel denies having issued such an order to the employees in question, counsel does admit that they instructed certain employees that "ex parte conversations are unethical." To the extent that this served as an order prohibiting its employees from communicating with plaintiff or her counsel, this statement was improper. Under Rule 4.2 of the

Alabama Rules of Professional Conduct, "a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." This dispute turns on whether former employees of defendant and current employees at the rank of Lieutenant and below can be characterized as "parties" within the definition of Rule 4.2.

The official comments to Rule 4.2 outline three categories of employees which qualify as parties: "[1] persons with managerial responsibility on behalf of the organization, and [2] any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or [3] whose statement may constitute an admission on the part of the organization."[1]

To qualify for the first prong, an employee must have "decisional authority with regard to the subject matter of the representation." Ala. Ethics Op. 1984-160 (citing D.C. Ethics Op. 80). Whether the employees have other types of supervisory authority is inapposite. *See id.* at 8-9. There is no allegation

---

[1] Plaintiff cites to Ala. Ethics Op. 2002-03 for its argument that these three categories are not in fact independent categories but are the three necessary requirements for an employee to be classified as a party. Admittedly, the phrasing of the official comments to Rule 4.2 is misleading in that it alternates between conjunctions and disjunctions within the same series, and Op. 2002-03 is phrased in the conjunctive, but a cursory reading of the applicable precedent debunks plaintiff's theory.

that the other firefighters had any supervisory authority at all. Therefore, they are not represented parties. In addition, there has been no allegation that the Lieutenants at issue had any decisionmaking authority with respect to the decision to terminate plaintiff's employment.[2] Therefore, they do not qualify as parties within the purview of the first prong of Rule 4.2.

Under the second prong, in an action such as this, an employee's conduct can be imputed to defendant if that employee was the "actual tort feasor or person whose conduct gave rise to the cause of action." Ala. Ethics Op. 1992-12. Other forms of *respondeat superior* liability would not be relevant where employees did not make the decision of which plaintiff complains, and did not participate in any of the alleged wrongdoing. No liability can be imputed to defendant by these employees under such circumstances.

The third prong of Rule 4.2 has been interpreted to require consent for communications with employees only when those employees are in a position to "bind" the corporation. Former employees "are no longer in positions of authority and thus, cannot bind the [organization]." Ala. Ethics Op. 1992-12 (citing ABA Formal Op. 91-359). Therefore, plaintiff's counsel is not

---

[2] Defendant does claim that Lieutenants of the Alabaster Fire and Rescue Service have some supervisory authority over firefighters generally, but not that any of the Lieutenants with which plaintiff's counsel seeks to communicate had any responsibility over plaintiff, or that any Lieutenant had the authority to terminate her.

prevented from *ex parte* communications with former employees to the extent that such communications do not involve privileged matters. *See id.* As to current employees, the third prong's purview is "limited to those employees who have authority on behalf of the organization to make decisions about the course of the litigation." Ala. Ethics Op. 2002-03. There has been no allegation that the Lieutenants and firefighters with which plaintiff or her counsel seek to communicate had the authority to determine the outcome of this litigation, and thus they are not "parties" within the definition of Rule 4.2.[3]

For the reasons stated, plaintiff's motion for a protective order is GRANTED. Defendant's counsel are hereby ORDERED to instruct defendant's current employees at the rank of Lieutenant and below, as well as any former employees who were privy to the original admonition against unethical communications, that informal contact with plaintiff and her counsel is not unethical. Defendant's counsel can explain, however, that no current or former employee of defendant is obligated to communicate with plaintiff or her counsel without having first been subpoenaed.

---

[3] Defendant cites *Lang v. Reedy Creek Improvement Dist.*, 888 F. Supp. 1143, 1149 (M.D. Fla. 1995) as support for the proposition that defendant's current and former employees are represented parties for the purposes of this analysis. In addition to that decision being merely persuasive authority for this court, its factual predicate is distinguishable in that the employees in *Lang* were alleged to be "actors/participants in the alleged harassment." *Id.* at 1149. The involvement of these employees in the alleged pattern of sexual harassment distinguishes *Lang* from our case. Defendant's employers are not alleged to have participated in any harassment of plaintiff--they are merely fact witnesses who happened to be employed by defendant while plaintiff was also so employed.

The court reserves the right to reconsider this ruling on an individual basis, employee by employee, upon defendant's written objection to the applicability of Rule 4.2 to any specific employee, and after plaintiff has been given sufficient time to respond to defendant's objection.

**II.  Collateral Issues**

Two collateral issues were raised at oral argument and in the parties' briefs related to plaintiff's motion for a protective order. First, the parties seek the court's assistance in resolving whether certain employees of defendant established an attorney-client relationship with defendant's counsel for the limited purposes of that employee's deposition such that the attorney-client privilege would attach to their communications. The official comments to Rule 4.2 are instructive in this context as well, as they explain that a "represented party" includes "any person, whether or not a party to a formal proceeding, who is represented by counsel concerning the matter in question." The affidavits of David J. Lash, James S. Gould, and Clark T. Boyd establish that these three employees were represented by defendant's counsel for the purposes of their deposition so that an attorney-client privilege did attach to any communications between those employees and their counsel. Although plaintiff argues that this privilege was waived by the presence of unrepresented parties at the meeting in question, it is unclear

which communications were discussed at the depositions and which individuals may have been present during the communications at issue. Therefore, this court hereby ORDERS that any communications between defendant's counsel and employees Lash, Gould, and Boyd are privileged and not discoverable, but only to the extent that such privilege has not been waived by the presence of unrepresented parties as defined by Rule 4.2. The court trusts that this remaining question can be resolved without its intervention.

   Second, the parties ask the court to resolve the question of whether the price ordinarily charged by defendant's expert to validate a physical agility test must be disclosed to plaintiff. According to the information offered at oral argument, a material issue in this case is the rationale behind defendant's decision not to validate its physical agility test, as defendant claims that it would have been cost prohibitive to obtain such a validation. Assuming the materiality of the defendant's rationale for its decision not to obtain a validation, it is nevertheless clear to this court that the amount charged by defendant's expert for a validation in 2005 is not relevant to a determination of the credibility of defendant's excuse for not validating its test years before. If plaintiff had asked the price charged for such a service at the time when defendant established its test, that information might be relevant. If plaintiff had asked defendant's

decisionmaker what amount defendant would have been charged for a validation at the time when he decided not to validate the test, that information would be relevant. Those questions are not before the court. The parties are hereby ORDERED that the particular information requested is not discoverable, and plaintiff is forbidden from obtaining it from the court reporter who has held it for safekeeping.

### *Conclusion*

For the reasons stated, plaintiff's motion for a protective order is GRANTED. The collateral issues raised at oral argument are resolved as ORDERED above.

DONE this 11th day of January, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE